IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONI STAHL, ADMINISTRATRIX of
the ESTATE OF DAVID W. STAHL,

    **Plaintiff,**

    v.

    Case No. 2:15-cv-572
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

COSCHOCTON COUNTY, OHIO, *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Toni Stahl, Administratrix of the Estate of David W. Stahl, filed this civil rights action under 42 U.S.C. § 1983 against Defendants, Coshocton County, Ohio, several deputy sheriffs, emergency medical technicians, and other county officials, alleging that Defendants wrongfully shot David Stahl and then denied him appropriate medical attention as he lay dying. This matter is before the Court for consideration of Subpoenaed Non-Party Ohio Attorney General's Office Bureau of Criminal Identification and Investigation's ("BCI") Motion to Quash (ECF No. 70), Plaintiff's Memorandum in Opposition and Motion to Compel (ECF No. 80), and Non-Party BCI's Reply in Support of its Motion to Quash and Memorandum in Opposition to Plaintiff's Motion to Compel (ECF No. 81). For the reasons that follow, BCI's Motion to Quash is **GRANTED**, and Plaintiff's Motion to Compel is **DENIED**.

**I.**

Plaintiff filed the instant action on February 11, 2016. (ECF No. 1.) Following the Preliminary Pretrial Conference, the Court issued a Preliminary Pretrial Order, setting forth the

case schedule. (ECF No. 36.) In this Preliminary Pretrial Order, the Court set February 26, 2016, as the deadline for completing discovery, adding that "[t]he parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." (June 3, 2015 PPO 3, ECF No. 36.) On October 22, 2015, the Court extended the discovery deadline to May 26, 2016. (ECF No. 41.) Upon the parties' joint request, the Court subsequently extended the discovery deadline to July 25, 2016. (ECF Nos. 61 and 62.)

On Friday, July 22, 2016, Plaintiff's counsel issued a subpoena commanding "Ohio Attorney General – Bureau of Criminal Investigation" to appear for a deposition on July 29, 2016. (ECF No. 70-1.) The subpoena attached an exhibit, entitled "Directions for Designee(s)," in which Plaintiff commands the designee(s) to bring numerous documents, reports, spreadsheets, electronically stored information ("ESI"), and recordings to the deposition and also identifies the topics to be discussed during the deposition. (*Id*.) The Proof of Service attached to subpoena reflects that Plaintiff's counsel served the subpoena via email and certified mail on July 22, 2016. (*Id*.) Based upon non-party BCI's uncontested representations, however, it appears that Plaintiff's counsel did not email the subpoena to counsel for non-party BCI until Monday, July 25, 2016. (*See* BCI's Mot. to Quash 1, ECF No. 70; BCI's Reply 3, ECF No. 81; and July 25, 2016 E-mail Corr. from Pl.'s Counsel to BCI Counsel, ECF No. 70-1 at p. 5.)

On July 26, 2016, the day after non-party BCI received the subpoena via email, BCI sent correspondence to Plaintiff's counsel objecting to the subpoena and outlining the bases for objection. (ECF No. 70-2.) BCI also filed the subject Motion to Quash on July 26, 2016. (ECF No. 70.) In its Motion to Quash, BCI asserts that the Court should quash Plaintiff's subpoena for a number of reasons. BCI first posits that the Court should quash the subpoena because it seeks

discovery outside of the discovery period.  BCI next asserts that the subpoena must be quashed because it does not allow it a reasonable time to comply.  In support of this assertion, BCI represents that Plaintiff seeks records that are privileged and that contain confidential information not subject to disclosure.  Finally, BCI contends that the subpoena requires disclosure of an unretained expert's opinion and therefore should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(B)(ii).

On August 11, 2016, Plaintiff filed a joint Memorandum in Opposition and Motion to Compel, opposing BCI's Motion to Quash and seeking an Order compelling BCI to comply with its subpoena.  (ECF No. 80.)  Plaintiff maintains that BCI, because it is a non-party, lacks standing to challenge the subpoena on the grounds that it sought compliance outside of the discovery period.  Plaintiff attaches emails reflecting that Defense Counsel represented a willingness to schedule depositions after the close of discovery.  (ECF No. 80-2 at p.3.)  Plaintiff contends that the subpoena provided reasonable time for compliance.  In support of this assertion, Plaintiff sets forth a timeline of events tracking its attempts to obtain a dashcam video and audio recording of the events that are the subject of this lawsuit.  Plaintiff states that although she has obtained "a version of the subject recordation," she has "been thwarted from viewing the original data within the iCop cartridge."  (Pl.'s Mem. in Opp. 1-2, ECF No. 80.)  Plaintiff represents that her counsel learned from Defense Counsel on July 26, 2016, that BCI currently has possession of the iCop cartridge.  Plaintiff further asserts that this Court should reject BCI's contention that some of the subpoenaed records reflect expert opinions and maintains instead that it seeks only "public records and findings of fact concerning a criminal investigation."  (*Id*. at 5.)  Finally, Plaintiff closes by stating, "[f]or the reasons stated

hereinabove, Plaintiffs move the Court for an Order compelling Non-Party BCI to produce for inspection and copying the evidence described in the subpoena." (*Id.* at 6.)

In its Reply, BCI emphasizes that the four days the subpoena allowed "did not provide reasonable notice for [it] to comply." (Reply 3, ECF No. 81.) BCI asserts that contrary to Plaintiff's assertions, not all of the records she sought were public and discoverable. BCI represents that "[v]irtually every law enforcement investigatory file contains some confidential, non-disclosable information." (*Id.*) BCI maintains that it had not only a right, but a legal obligation to review and redact this information prior to disclosure and that the time permitted under the subpoena was insufficient to accomplish this task. BCI further submits that the Court should deny Plaintiff's one-sentence Motion to Compel for all of the reasons it advanced in its Motion to Quash and also because it is overly broad and burdensome. BCI also asserts that some of the information Plaintiff seeks to obtain is duplicative of records that it and other sources have already produced to her.

## II.

### A. BCI's Motion to Quash

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no

exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In addition, a court "may . . . quash or modify the subpoena if it requires . . . disclosing an unretained expert's opinion . . . ." Fed. R. Civ. P. 45(d)(3)(B).

Under the circumstances presented in this case, the Court finds that the subpoena, which allowed only four days following receipt, failed to provide a reasonable time for compliance. Rule 45 does not specify what length of time qualifies as reasonable. In recently concluding that a subpoena providing only six days for compliance failed to provide a reasonable amount of time to comply, this Court offered the following collection of cases supporting this finding:

> Many federal courts have found similar notice to be inadequate. *See, e.g., Saffady v. Chase Home Fin.*, Inc., No. 10–11965, 2011 WL 717564, at *3 (E.D. Mich. Feb. 22, 2011) (four business days' notice for a deposition in another state is not reasonable); *Brown* [*v. Hendler*, No. 09-cv-4486, 2011 WL 321139 at *2 (S.D.N.Y. Jan. 31, 2011)] ("Federal courts have also found compliance times of eight and seven days not to be reasonable."); *Mem'l Hospice, Inc. v. Norris*, No. 2:08–CV–048, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days' notice of deposition is not reasonable); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance. Deponents . . . were served within one week of their deposition dates . . . . Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable). *See also McClendon v. TelOhio Credit Union, Inc.*, No. 2:05–CV–1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) (notice of fourteen days is presumptively reasonable). *Accord Brown v. Hendler*, No. 09–CIV–4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable.").

*CareFusion 2200, Inc. v. Entrotech Life Sci., Inc.*, No. 2:15-mc-16, 2015 WL 1954587, at *2-3 (S.D. Ohio Apr. 29, 2015); *see also Friedberg v. Madison Realty Investments, Inc.*, No. 1:16-mc-3, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (quashing subpoena that allowed only eleven days and five business days because it failed to provide a reasonable time for compliance).

5

In sum, the Court concludes that BCI's Motion to Quash is well-taken because the subpoena at issue fails to provide a reasonable time for compliance.  Accordingly, BCI's Motion to Quash is **GRANTED**.  It is therefore unnecessary for the Court to consider BCI's alternative arguments in support of its Motion.

**B.      Plaintiff's Motion to Compel**

Plaintiff's one-sentence Motion to Compel is **DENIED** as untimely.  "[A]bsent special circumstances, motions to compel discovery filed after the close of discovery are untimely." *Fed. Ex. Corp. v. United States,* No. 08-2423, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) (collecting nearly a dozen cases by way of example to support proposition); *see also Craig-Wood v. Time Warner N.Y. Cable, LLC*, 579 F. App'x 505, 508 (6th Cir. 2014) ("[A] district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines . . . ."); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5, 166 F.3d 1213 (6th Cir. 1998) (table) (affirming district court's denial of motion to compel on the grounds that it was filed after the expiration of the discovery deadline).

Here, Plaintiffs filed the subject Motion more than two weeks after the expiration of the twice-extended discovery deadline.  The very Order upon which Plaintiff relies to assert that it was proper for her to conduct discovery outside the discovery period, also advises that the Court will not intervene, absent a showing of extreme prejudice, after the discovery deadline:

> Ordinarily a discovery cutoff date will have been specified in a prior scheduling order.  *Discovery must be completed by that date.*  If no discovery cutoff date has been specified, the discovery shall end ninety (90) days prior to the trial date.  *No depositions may be scheduled to occur after the discovery cutoff date*.  All motions, requests for admissions, or other filings that require response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by rule prior to that date.
>
> Counsel may, by agreement, continue discovery beyond the cutoff date.  *No supervision or intervention by the Court, such as a Rule 37 proceeding, will*

*occur after the cutoff date without a showing of extreme prejudice*.

(June 4, 2015 Order 3, ECF No. 38 (emphasis added).) Moreover, as set forth above, this Court's Preliminary Pretrial Order stated, "[t]he parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." (June 3, 2015 PPO 3, ECF No. 36.) Here, BCI did not even receive the subpoena until the final day of discovery. Because the Court is unable to discern any special circumstances that would persuade the Court to consider Plaintiff's Motion to Compel timely with regard to the discovery she seeks to compel, her Motion is **DENIED**.

### III.

For the reasons set forth above, BCI's Motion to Quash (ECF No. 70) is **GRANTED**, and Plaintiff's Motion to Compel (ECF No. 80) is **DENIED**.

**IT IS SO ORDERED.**


Date: September 23, 2016       s/ *Elizabeth A. Preston Deavers*
                               ELIZABETH A. PRESTON DEAVERS
                               UNITED STATES MAGISTRATE JUDGE